UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>EUGENE HENLEY, JR., *et al.*,<br><br>                    Defendants. | Case No. 2:25-cr-00211-FLA<br><br>**ORDER DENYING DEFENDANTS SYLVESTER ROBINSON AND MARK MARTIN'S MOTION TO CONTINUE TRIAL DATE [DKT. 159]** |

1

# **RULING**

On December 15, 2025, defendants Sylvester Robinson ("Robinson") and Mark Martin ("Martin" and, together, the "moving defendants") filed a Motion to Continue Trial Date ("Motion"). Dkt. 159 ("Mot.").[1] The Motion asks that trial be continued from May 5, 2026, to an unspecified future date. *Id.* at 11. The moving defendants argue there is good cause to support a continuance as defense counsel need additional time to prepare. *See id.* at 5, 7–9. Plaintiff United States of America (the "government") filed an Opposition. Dkt. 160 ("Opp'n").

The matter came on for hearing on January 6, 2026 (the "Motion Hearing"). *See* Dkt. 164. At that hearing, the moving defendants argued they needed additional time to prepare given the volume of discovery produced by the government and delays in payments from July to October 2025, to counsel appointed pursuant to the Criminal Justice Act ("CJA"), and to their retained third parties, including paralegals and investigators.

The moving defendants are on pretrial release awaiting trial. Dkt. 118 at 3. Co-defendant Eugene Henley, Jr. ("Henley"), who is detained pending trial, opposes any further continuance of the trial date, as he has throughout the action. *See id*. at 4 ("defendant Henley objects to any continuances"), 11 ("Defendant Henley objects to continuing the trial in this matter.")  The remaining four defendants, including co-defendant Termaine Ashley Williams ("Williams"), who is also detained pending trial, do not request—or oppose—a continuance of the trial date.  With the exception of Williams, all defendants are represented by court-appointed CJA counsel.

Having weighed and considered the parties' arguments in their papers and as presented at the Motion Hearing, and for the reasons stated below, the court DENIES the Motion.

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

1      The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused
2  shall enjoy the right to a speedy and public trial."  U.S. CONST. amend. VI.  The Sixth
3  Amendment's speedy trial guarantee, in conjunction with the Speedy Trial Act of
4  1974, protects defendants from undue post-accusation delay.  18 U.S.C. §§ 3161–
5  3174.  Under "the Speedy Trial Act, a defendant must be brought to trial within
6  seventy days of the indictment or of his initial appearance before a judicial officer,
7  whichever is later."  *United States v. Clymer*, 25 F.3d 824, 877 (9th Cir. 1994) (citing
8  18 U.S.C. § 3161(c)(1)).
9      "However, the Act sets forth several types of so-called 'excludable delay'" that
10 "does not count toward the seventy day limit."  *Id*.  One such period of "excludable
11 delay" is the "ends of justice" continuance, which the moving defendants seek here.
12 *See generally* Mot.; 18 U.S.C. § 3161(h)(7)(A) (a continuance may be granted when
13 "the ends of justice served by taking such action outweigh the best interest of the
14 public and the defendant in a speedy trial.").  On these grounds, a court may grant a
15 continuance when the failure to do so would deny a defendant "the reasonable time
16 necessary for effective preparation, taking into account the exercise of due diligence."
17 18 U.S.C. § 3161(h)(7)(B)(iv).
18     The decision to deny a trial continuance lies within the district court's sound
19 discretion and will be disturbed only on a showing that such denial was (1) "arbitrary
20 or unreasonable," and (2) prejudicial to the defendant.  *United States v. Wilkes*, 662
21 F.3d 524, 543 (9th Cir. 2011) (citation omitted).  "There are no mechanical tests for
22 deciding when a denial of a continuance is so arbitrary as to violate due process."
23 *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).  Instead, "[t]he answer must be found in
24 the circumstances present in every case, particularly in the reasons presented to the
25 trial judge at the time the request is denied."  *Id*.
26     The Ninth Circuit applies four factors in evaluating a district court's exercise of
27 discretion to deny a continuance: (1) whether the defendant "was diligent in preparing
28 his defense or whether his request for a continuance appears to be a delaying tactic";

3

(2) "the usefulness of the continuance," such as "how likely it was that the purpose of the continuance would have been achieved had it been granted"; (3) "the extent to which granting the continuance would have inconvenienced the court and the opposing party"; and (4) whether the defendant "was prejudiced by the denial." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (citations omitted).

On the first factor, the moving defendants have not demonstrated diligence to grant a further continuance. The moving defendants first appeared in the action on March 19, 2025. Dkts. 34, 43. All defendants were indicted one week later on March 26, 2025. Dkt. 81. The moving defendants were charged with several of the forty-three counts, including Count One, RICO, in violation of 18 U.S.C. § 1962(d). *Id.* An initial trial date of May 20, 2025, was set (*see*, *e.g.*, Dkt. 98) before it was continued to May 5, 2026 (Dkt. 123), pursuant to a stipulation by all defendants, except for Henley. Dkt. 118 at 3 ("By this stipulation, defendants move to continue the trial date to May 4, 2026").

Although the moving defendants represent the government has produced voluminous discovery (Mot. at 7)—much of which the government asserts it does not intend to offer in its case-in-chief at trial (Opp'n at 28) and a subset of which the government contends has no reviewable content—which they must review regardless of the government's intentions at trial, most of the government's discovery was produced between June and August 2025 (*id*. at 9–10). The moving defendants will have had 14 months from the date of their initial appearances—which includes a year-long continuance granted at their request—to prepare for trial, and still have approximately four months left to continue those preparations.

When asked at the Motion Hearing what discovery they had reviewed, still needed to review, and what they would do with the additional time they were requesting, Martin estimated he had reviewed approximately 10% of the discovery produced by the government to date, and Robinson stated he had made no further efforts to secure an investigator to travel to Las Vegas despite the resumption of CJA

4

funding in November 2025.

The moving defendants have made an insufficient showing of diligence, and the lack thereof weighs against a continuance. *See United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (denial of continuance affirmed even when "large volume" of new discovery produced less than two weeks before trial because the government gave three separate notices of the materials); *United States v. Wagner*, Case No. 2:10-cr-00399-MMD, 2012 WL 4472034, at *3 (D. Nev. Sept. 25, 2012) (no diligence where existence of "voluminous discovery" was "known to [defendant]'s counsel for over four months.").

For the next factor, given the 14-month period already afforded, the court has little confidence in the usefulness of granting the Motion. *See United States v. Fabro-Miske*, Case No. 19-cr-00099-DKW-12, 2023 WL 5020849, at *2–3 (D. Haw. Aug. 7, 2023) (second factor weighed against the defendant because her request for a continuance "due to the complexity of the case, the need to review discovery, and the limited time remaining before the start of trial" was insufficient to show "something more than the convenience of additional time.").

To date, the moving defendants have not demonstrated why the 14 months they have been afforded is inadequate to prepare for trial. They have not identified any lay or expert witness who cannot be identified, interviewed, retained, or prepared by the May 2026 trial date they requested, or explained why such witness has been unavailable since March 2025. Aside from generalized assertions concerning the volume of government discovery, the moving defendants have not demonstrated what they cannot accomplish in the four months left until trial, what they would accomplish by September 2026 (were the requested continuance granted), or why they have been unable to accomplish it since March 2025. Based on the record before it, the court cannot conclude that another four months would be useful to the moving defendants, or how likely it will be that they will accomplish some unidentified objective were they to be granted the requested continuance.

Similarly, for the third factor, considering the case's history, the court finds granting the continuance would cause serious inconvenience to the parties—especially to the co-defendants who are in custody, and to their counsel, the witnesses, and the court. Among other efforts, the government has coordinated with witnesses to ensure availability for the current trial date and worked to secure continuances in other cases to maintain this trial date. *See* Opp'n at 25–26. The court presides over hundreds of cases at a time and schedules trials well in advance. Granting the requested continuance would put additional pressure on the trials scheduled after this action given that this trial is estimated to last at least several weeks, and "the court's schedule cannot tolerate any more leniency in the absence of utmost necessity." *United States v. Kvashuk*, Case No. 2:19-cr-00143-JLR, 2020 WL 569862, at *3 (W.D. Wash. Feb. 5, 2020); Dkt. 118 at 3 ("The parties estimate that the trial in this matter will last approximately 12 days.").

More importantly, five of seven defendants are not moving for a continuance. Two of those defendants are in pretrial detention. Henley, in particular, stated at the Motion Hearing that he was "100% opposed" to a continuance. *See also* Dkt. 162 (Henley's January 4, 2026 letter to the court reiterating multiple times his steadfast opposition to a continuance). Although several defendants stated at the Motion Hearing they did not oppose the moving defendants' Motion, they did not join in the Motion and made clear they were not asking for additional time to prepare for trial.

Even Henley's two CJA attorneys, who expressed concern about their state of readiness for trial in May 2026, made clear they were not moving for a continuance over their client's objection. The Sixth Amendment guarantees the "right to a speedy and public trial" as well as the right to counsel. U.S. CONST. amend. VI; *see also United States v. Sutcliffe*, 505 F.3d 944, 956 (9th Cir. 2007) ("In addition to the statutory right, defendants have a Sixth Amendment right to a speedy trial."). Henley has made clear he "prioritize[s] his trial date over constitutionally adequate representation." *United States v. Schaefer*, 13 F.4th 875, 891 (9th Cir. 2021).

6

Additionally, while the moving defendants are charged in the RICO count—Martin is named in approximately 8 and Robinson in approximately 57 overt acts—Henley is charged in all 43 counts and faces, according to the government, hundreds of years in prison. *See* Opp'n at 12; Dkt. 81.

Lastly, given the circumstances, the court finds the moving defendants will not be prejudiced by the denial of the Motion, especially as they will have had 14 months to prepare for trial and trial is still several months away.[2]

Accordingly, for the stated reasons, the court DENIES the Motion.

IT IS SO ORDERED.

Dated: January 13, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[2] Because the court considers the Motion on its merits, it need not consider the government's arguments that the Motion does not comply with the court's Criminal Standing Order (Dkt. 97). *See* Opp'n at 13–21. However, the court reminds the parties and their counsel that they are expected to comply with all of the court's requirements, including its Standing Order, at all times.